UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSE GUADALUPE CASTRO-GARCIA, | ) | Case No.: 13-CV-0006-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jose Guadalupe Castro-Garcia, representing himself, brings this action against Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing on this motion previously set for September 5, 2013, at 1:30 p.m. The Case Management Conference scheduled for the same date is also VACATED. The Court finds that Plaintiff failed to exhaust administrative remedies before bringing this action and therefore orders the matter DISMISSED WITHOUT PREJUDICE.

I. **BACKGROUND**

Plaintiff filed this action in Monterey County Superior Court on September 10, 2012. *See* ECF No. 1. Plaintiff claims that he was injured while he was being treated by Dr. Timothy Brennan, a licensed physician working at Clinica de Salud de Valle de Salinas ("Clinica de

1

Case No.: 13-CV-0006-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE

1   Salud"). ECF No. 1, Ex. A. Plaintiff alleges that Dr. Brennan negligently prescribed him

2   medication that had adverse effects. *Id.*

3   Clinica de Salud is a federally deemed health center, and Dr. Brennan is employed there.

4   *See* ECF No. 2. As a federally deemed health center, the Clinica de Salud is an employee of the

5   Public Health Service and is insured against malpractice claims through the Federal Tort Claims

6   Act ("FTCA"). 42 U.S.C. § 233(g)-(n) (Federally Supported Health Centers Assistance Act

7   ("FSHCAA")); ECF No. 2.

8   On December 28, 2012, Defendant removed the action to federal court pursuant to 42

9   U.S.C. § 233(c), the FSHCAA, and 28 U.S.C. § 2679(d)(2), the FTCA. Both statutes provide for

10  removal of state court actions brought against federal or Public Health Service employees upon

11  certification by the Attorney General that the employee was acting "within the scope of his . . .

12  employment at the time of the incident out of which the claim [or suit] arose." 42 U.S.C. § 233(f);

13  28 U.S.C. § 2679(b)(1). The removal was supported by a declaration by the Chief of the Civil

14  Division, stating that Dr. Brennan was acting within the course and scope of his employment while

15  working at Clinica de Salud, and that Clinica de Salud is a federally deemed health center. *See*

16  ECF No. 2. Under the FTCA, upon removal, the United States must be substituted as defendant in

17  place of individual, named defendants. 28 U.S.C. § 2679(d)(2).

18  On January 3, 2013, Defendant filed a motion to dismiss the case on the ground that this

19  Court lacks subject-matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust

20  administrative remedies as required by the FTCA. ECF No. 4. On January 22, 2013, due to the

21  reassignment of this case from the Magistrate Judge to this Court, Defendant re-noticed the motion

22  to dismiss. ECF No. 10. Plaintiff did not file a timely opposition. Rather, on May 8, 2013,

23  Plaintiff sent a letter to Defendant's counsel indicating that he had filed an administrative claim

24  after Defendant had filed its motion to dismiss. ECF No. 13, Ex. A. On May 17, 2013, Defendant

25  filed a reply to the motion, which attached Plaintiff's letter. ECF No. 13. In the reply, Defendant

26  also argued that Plaintiff's administrative claim was time-barred. *Id.* On June 20, 2013, Plaintiff

27  filed an untimely opposition, in which he stated that he did not pursue administrative remedies

28  sooner because he had been ill as a result of the medical condition and the malpractice at issue in

2

Case No.: 13-CV-0006-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE

1  this case. ECF No. 15. Defendant filed a reply to Plaintiff's opposition on the same day. ECF No.
2  16. In this second reply, Defendant argued that the reason for the delay had no bearing on whether
3  the claims were time-barred and that administrative remedies nevertheless had not been exhausted.
4  *Id.*

## II. ANALYSIS

Plaintiff seeks money damages based on injuries he claims were caused by employees of a federally deemed health care provider. According to the Complaint, ECF No. 1, and to the declaration of the Chief of the Civil Division, ECF No. 2, Dr. Brennan was acting within the scope of his employment in a federally deemed health center at the time of Plaintiff's alleged injuries. As a result, the FTCA is the exclusive remedy available to Plaintiff. 28 U.S.C. § 2679(b)(1).

The FTCA requires a plaintiff to exhaust administrative remedies with the appropriate agency—in this case, the Department of Health and Human Services ("Department") —before bringing a case in court. 28 U.S.C. § 2675(a). Plaintiff does not allege that he filed any complaint or claim with the Department before filing the complaint in this case. Moreover, Defendant has submitted a declaration demonstrating that there was no record of any complaint by Plaintiff on file at the Department as of December 14, 2012, more than three months after Plaintiff filed the instant Complaint in Monterey County Superior Court. *See* ECF No. 4.

The FTCA's exhaustion requirement is jurisdictional. If Plaintiff has not exhausted his administrative remedies, the Court has no jurisdiction over his claims. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). The letter attached to Defendant's first reply demonstrates that the Department did receive a complaint from Plaintiff on December 19, 2012. *See* ECF No. 13, Ex. A. This administrative complaint, however, does not cure the jurisdictional defect. Plaintiff's administrative remedies are not "exhausted" until the Department has made a final denial in writing or has failed to respond to the complaint for six months. 28 U.S.C. § 2675(a). Plaintiff does not allege that the agency has ruled on his claim or that the six-month period has elapsed. Accordingly, the Court lacks jurisdiction over Plaintiff's claim, and the case must be dismissed.

The Court next addresses whether the dismissal should be with or without prejudice. In addition to contending that Plaintiff did not exhaust administrative remedies, Defendant also

1  contends that Plaintiff's administrative claim to the Department is time-barred, and thus federal

2  court Complaint is time-barred. The Court need not conclusively resolve whether Plaintiff's

3  administrative claim is time-barred, because the Court concludes that administrative remedies have

4  not been exhausted. The Court nevertheless addresses the issue, because to the extent that the

5  claim is time-barred, Plaintiff's filing of a new complaint after exhaustion of administrative

6  remedies would be futile, and thus this case should be dismissed with prejudice.

7  Regarding the timeliness of Plaintiff's administrative claim, the FTCA contains two critical

8  deadlines for potential plaintiffs. "A claim must be filed with the agency within two years of the

9  claim's accrual and the claimant must file suit within six months of administrative denial of the

10  claim. If either requirement is not met, suit will be time barred." *Dyniewicz v. United States*, 742

11  F.2d 484, 485 (9th Cir. 1984); 28 U.S.C. § 2401(b). Medical malpractice claims accrue when "the

12  plaintiff has discovered, or, in the exercise of reasonable diligence should have discovered, both his

13  injury and its cause." *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981). In Plaintiff's

14  opposition to the motion to dismiss, he alleges that the tortious conduct that injured him occurred

15  in September 2010. ECF No. 1. However, he did not file his claim to the Department until

16  January 2013, more than two years after the alleged injury. ECF No. 13, Ex. A. Defendant

17  suggests that Plaintiff's administrative claim is time-barred as a result of this delay and urges the

18  Court to dismiss with prejudice.

19  The record, however, suggests that the claim may have been filed within two years after the

20  claim accrued, because there is some indication that Plaintiff may not have discovered, or been

21  able to discover, his injury and the cause of that injury until some time after the injury occurred.

22  The Plaintiff stated in his opposition to the motion to dismiss that after the alleged malpractice,

23  "[f]or a very long time I would not even think well. I was helpless against almost anything that

24  happened to me. When I got better, I was able to understand that the doctor at the clinic gave me

25  the wrong medication [and] to communicate that the clinic doctor gave me medication that almost

26  killed me." ECF No. 15. While the duration of Plaintiff's alleged incapacity is not clear, the

27  assertion suggests that Plaintiff may be able to contend that his claim was timely notwithstanding

28  the more than two year delay between his injury and claim to the agency. The Court, however,

4

need not determine whether the claim was timely filed, because the Court must dismiss due to lack of exhaustion. Nevertheless, because the claim may be timely, the Court's dismissal is without prejudice to Plaintiff's filing a new complaint after he exhausts administrative remedies.

## III.	CONCLUSION

The Court finds that Plaintiff failed to exhaust administrative remedies before bringing this action. Because there was no subject-matter jurisdiction when the case was initially filed, the Complaint may not be amended. The case is DISMISSED WITHOUT PREJUDICE. Plaintiff may file a new complaint after administrative remedies have been exhausted. If Plaintiff does so, he must state in the complaint the reasons why his administrative claim is not time-barred. The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: August 16, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge